## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JARROD SCHOOLCRAFT, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Class Action |
| v. | ) ) | File No. _____ |
| GOWAITER BUSINESS HOLDINGS, LLC, | ) ) ) | *Jury Trial Demanded* |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW, JARROD SCHOOLCRAFT ("Plaintiff"), on behalf of himself and others similarly situated, by and through the undersigned counsel, and files this, his Class Action Complaint for Damages and Injunctive Relief, pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, against Defendant GoWaiter Business Holdings, Inc. ("Defendant"). In support thereof, Plaintiff respectfully shows this honorable Court as follows:

## NATURE OF THE ACTION

1.     This is a class action brought against Defendant for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

## JURISDICTION

2.     This Court has subject matter jurisdiction pursuant to 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), as Plaintiff resides in this district and this state, a substantial part of the events giving rise to Plaintiff's claims occurred in this district and this state, and Defendant transacts business in this district and this state.

## PARTIES

4.     Plaintiff is a natural person who at all relevant times resided in Lawrencevile, Georgia (Gwinnett County).

5.     Defendant is a corporation formed under the laws of the state of Florida, and, upon information and good-faith belief, is not duly licensed by the Georgia Secretary of State to conduct business within the state of Georgia.

6.     Defendant may be properly served with process via its registered agent for service of process, to wit: Cheryl Wilke, Esq., One East Broward Boulevard, Suite 1010, Ft. Lauderdale, Florida 33301.

## FACTUAL ALLEGATIONS

7.     "Short Message Service" or "SMS" is a messaging system that allows celluar telephone subscribers to use their cellular telephones to send and receive short text messages, generally limited to 160 (one hundred sixty) characters.

8.     An "SMS Message" is a text message directed to a wireless device through a telephone number assigned to that device.

9.     When an SMS or "text" message call is made, the recipient's cellular phone notifies or alerts the recipient of the message received.  ("Short Message Service" messages or "SMS" messages shall hereinafter be referenced as "text messages").

10.     On or about April 30, 2015 at 1:19 P.M., Defendant sent Plaintiff an unsolicited text message to Defendant to Plaintiff's cellular telephone number, (404) 901-XXXX, using an automatic telephone dialing system, which stated as follows

"ATTENTION ALL DRIVERS: The driver portal has been turned into an app. It is extremely helpful  and will hopefully make everyo. [sic]"

11.     Thereafter, on or about April 30, 2015 at 1:20 P.M., Defendant sent Plaintiff an unsolicited text message to Plaintiff's cellular telephone number, (404) 901-XXXX, using an automatic telephone dialing system, which stated as follows

"ATTENTION ALL DRIVERS: The driver portal has been turned into an app. It is extremely helpful  and will hopefully make everyo [sic]"

12.     Defendant then sent an identical unsolicited message in the manner described above at 1:23 P.M. on April 30, 2015.

13.     Thereafter, on May 8, 2015 at 10:50 A.M. 10:51 A.M., 10:52 A.M., 10:53 A.M., and 10:57 A.M., Defendant sent Plaintiff unsolicited text messages to

Defendant to Plaintiff's cellular telephone number, (404) 901-XXXX, using an automatic telephone dialing system, which each stated as follows:

"Hello, is anyone able to take an order from chilis right now???"

14.    Then, on June 16, 2015 at 2:11 P.M. (twice), 2:12 P.M. and 2:15 P.M. (four times) Defendant sent Plaintiff unsolicited text messages to Plaintiff's cellular telephone number, (404) 901-XXXX, using an automatic telephone dialing system, which each stated as follows:

"WE ARE NOT MOVING, DISREGARD THE PREVIOUS MESSAGE"

15.    Upon information and good-faith belief, Defendant's records will show additional text messages made by it to Plaintiff's cellular telephone utilizing an automatic telephone dialing system.

16.    Defendant sent the above-referenced text messages to Plaintiff's cellular telephone using an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1).

17.    Upon information and good-faith belief, Defendant utilizes hardware and software with the capacity to send such text messages without human intervention.

18.    Upon information and good-faith belief, Defendant used such hardware and software to place the text messages described above to Plaintiff's cellular telephone.

19.     Defendant placed the text messages set forth herein to a telephone number assigned to a cellular telephone service.

20.     Defendant did not have Plaintiff's prior express consent to send any text messages to Plaintiff's cellular telephone.

21.     Defendant did not send any of the above-described text messages to Plaintiff for emergency purposes.

22.     Upon information and good-faith belief, Defendant placed the above-described text messages willfully and knowingly, meaning that Defendant consciously and deliberately sent the messages referenced herein.

23.     Upon information and good-faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system to send the text messages described above.

24.     In addition, and upon information and good-faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system to place the messages described above to Plaintiff.

25.     Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> **It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –**

**(A)    to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any    automatic telephone dialing system or an artificial or prerecorded voice –**

*****

**(iii)    to any telephone number assigned to a paging service, cellular telephone    service, specialized mobile radio service, or other radio common carrier    service, or any service for which the called party is charged for the call.**

26.    Upon information and belief, Defendant routinely violates 47 U.S.C. §227(b)(1)(A)(iii) by sending non-emergency text messages to the cellular telephones of consumers using an automatic telephone dialing system, without the prior express consent of said consumers.

## CLASS ACTION ALLEGATIONS

27.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b), on behalf of himself and a class of similarly situated individuals (the "proposed Class") as defined below:

All persons and entities throughout the United States (1) to whom GoWaiter Business Holdings, LLC placed, or caused to be placed, text messages (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system (4) within four years preceding the date of this complaint, (5) absent prior express consent.

Excluded from the proposed Class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

28.     The proposed Class is so numerous that, upon information and belief, joinder of all members is impracticable.  The exact number of members of the proposed Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.  The proposed Class is ascertainable in that, upon information and good-faith belief, the cellular telephone numbers of all members of the proposed Class can be identified in business records maintained by Defendant.

29.     Plaintiff's claims are typical of the claims of the members of the proposed Class because Plaintiff and all of the proposed Class members' claims originate from the same conduct, practice(s) and procedure(s) by and of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each proposed Class member.  Like all members of the proposed Class, Plaintiff received telephone calls from Defendant using an automatic telephone dialing system, without his consent, in violation of 47 U.S.C. § 227 *et seq*.

30.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced and competent in consumer class action litigation.  Plaintiff has no interests that are contrary to, or in conflict with, the members of the proposed Class that Plaintiff seeks to represent.

31.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members of the proposed Class is impracticable.

32.     Further, as the damages suffered by individual members of the proposed Class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

33.     Issues of law and fact common to the members of the proposed Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Class.  Among the issues of law and fact common to the proposed Class are:

    a.  Defendant's violations the TCPA as alleged herein;

    b.  Defendant's use of an automatic telephone dialing system; and

    c.  the availability of statutory damages.

34.     Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair and judicially supervised remedy.

### COUNT I
### VIOLATIONS OF 47 U.S.C. §227(b)(1)(A)(iii)

35.     Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

36.    Defendant violated 47 U.S.C. §227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to send text messages to Plaintiff's cellular telephone number, without his consent.

37.    Defendant knowingly or willingly violated 47 U.S.C. §227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to send text messages to Plaintiff's cellular telephone number, without his consent.

38.    As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff and the proposed Class members are entitled to damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a)    Determining that this action is a proper class action and designating Plaintiff as class representative of the Class under Rule 23 of the Federal Rules of Civil Procedure;

(b)    Adjudging that Defendant violated 47 U.S.C. §227(b)(1)(A)(iii), and that Defendant did so knowingly and willingly, and enjoining Defendant from further violations of 47 U.S.C. §227(b)(1)(A)(iii) with respect to Plaintiff and the other members of the Class;

(c)    Awarding Plaintiff and members of the Class statutory damages pursuant to 47 U.S.C. §227(b)(3) in an amount up to $1,500.00 per violation;

(d)     Awarding Plaintiff and members of the Class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

(e)     Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

39.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 24, 2015.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
Tel: (404) 365-4460
Fax: (855) 415-2480
Craig@EhrlichLawOffice.com

*s/Alex Simanovsky*
Alex Simanovsky
Georgia Bar No. 646874
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Ste. 300
Atlanta, Georgia 30345
Tel: (678) 781-1012
Fax: (877) 570-5413
Alex@A-S-Law.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared

in accordance with the font type and margin requirements of Local Rule 5.1 of the

Northern District of Georgia, using a font type of Time New Roman and a point size

of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich